**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| GRAYSON CAVALIERE, AS EXECUTOR OF THE ESTATE OF DONALD MAXWELL<br><br>v.<br><br>WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WALMART INC., AND ELLIE TATUM<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

COMES NOW, Grayson Cavaliere, as Executor of the Estate of Donald Maxwell, as Plaintiff, and by and through his counsel of record files this Complaint for Damages against Defendant Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, Walmart Inc., and Ellie Tatum, showing as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Defendant Wal-Mart Stores East, LP is a foreign limited partnership incorporated, organized, and existing under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, LP may be served with process through its registered agent, The Corporation Company (FL), at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

2.

Defendant Wal-Mart Real Estate Business Trust is a Delaware entity with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Real Estate Business Trust may be served with process through its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

3.

Defendant Walmart Inc. is a foreign profit corporation incorporated, organized, and existing under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. Defendant Walmart Inc. may be served with process through its registered agent, The Corporation Company (FL), at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

4.

Defendant Ellie Tatum is a resident of South Carolina and may be served with process at 107 Florence Street, Calhoun Falls, SC 29628.

5.

Plaintiff Grayson Cavaliere is a resident of the State of Tennessee. He is the lawfully appointed Executor of the Estate of Donald Maxwell and brings this case as the appropriate representative of Donald Maxwell, deceased.

6.

This lawsuit arises from an incident on May 4, 2022, in the parking lot of a Wal-Mart store, designated as Store #1701, in Elberton, Georgia, which resulted in serious injury to Donald Maxwell and led to his death.

7.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

8.

This action properly lies in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. 1391(b)(2) because the subject incident occurred within this judicial district.

9.

Pursuant to Local Rule 3.4, the Athens Division of this Court is the appropriate division in which this matter should be heard because a substantial part of the events and omissions giving rise this action occurred in Elbert County, which forms a part of the Athens Division.

**FACTS**

10.

At all times relevant to this Complaint, Defendant Wal-Mart Stores East, LP operated a retail store known as "Wal-Mart" located at 955 Elbert St., Elberton, GA 30635.

11.

At all times relevant to this Complaint, Defendant Walmart Inc. operated a retail store known as "Wal-Mart" located at 955 Elbert St., Elberton, GA 30635.

12.

At all times relevant to this Complaint, Defendant Wal-Mart Stores East, LP held its retail store open to the general public and invited the public, including Donald Maxwell, to come onto its premises to purchase items.

13.

At all times relevant to this Complaint, Defendant Walmart Inc. held its retail store open to the general public and invited the public, including Donald Maxwell, to come onto its premises to purchase items.

14.

At all times relevant to this Complaint, Defendant Wal-Mart Real Estate Business Trust owned the property of 955 Elbert St., Elberton, GA 30635 where the Wal-Mart retail store was located.

15.

At all times relevant to this Complaint, Defendant Wal-Mart Stores East, LP designed and controlled the parking lot accessing the subject Wal-Mart store, in conjunction with Wal-Mart Real Estate Business Trust.

16.

At all times relevant to this Complaint, Defendant Walmart Inc. designed and controlled the parking lot accessing the subject Wal-Mart store, in conjunction with Wal-Mart Real Estate Business Trust.

17.

At all times relevant to this Complaint, Defendant Wal-Mart Real Estate Business Trust designed and controlled the parking lot accessing the subject Wal-Mart store, in conjunction with Wal-Mart Stores East, LP.

18.

At all times relevant to this Complaint, Defendant Wal-Mart Real Estate Business Trust designed and controlled the parking lot accessing the subject Wal-Mart store, in conjunction with Walmart Inc.

19.

At all times relevant to this Complaint, the *Americans with Disabilities Act* mandated that handicap accessible parking spaces be placed on the shortest accessible route of travel to an accessible facility entrance.

20.

At all times relevant to this Complaint, the parking lot of the subject Wal-Mart store had a total of ten designated handicapped parking stalls.

21.

At all times relevant to this Complaint, directly in front of the entrance to subject Wal-Mart store, there were cross-hatched pavement markings designating an approximately 60-foot-wide protected walking space for pedestrians to traverse approximately 23 feet directly across the building frontage roadway to enter or leave the store where four of the ten designated handicapped parking stalls existed [ *figure 1*].




*Figure 1*

22.

At all times relevant to this Complaint, the word "YIELD" was applied to the pavement in the directions of traffic on either side of the approximately 60-foot-wide protected walking space for pedestrians [*figures 2 and 3*].



*Figure 2*




*Figure 3*

23.

At all times relevant to this Complaint, the Manual of Uniform Traffic Control Devices ("MUTCD") was the accepted standard of care for traffic signs, signals, and pavement markings on all roadways and parking lots open to public travel in the United States.

24.

At all times relevant to this Complaint, a yellow pedestrian-symbol sign (MUTCD W11-2) was placed on either side of the approximately 60-foot-wide protected walking space [*figures 4 and 5*].



*Figure 4*




*Figure 5*

25.

At all times relevant to this Complaint, four of the ten designated handicapped parking stalls were located in parking rows with direct access to the approximately 60-foot-wide protected walking space and which were located on the shortest accessible route of travel to the store entrance [*figure 6*].




*Figure 6*

26.

At all times relevant to this Complaint, there was another parking row with direct access to the approximately 60-foot-wide protected walking space which had no designated handicapped parking stalls, but which were located on the shortest accessible route of travel to the store entrance [*figures 7 and 8*].




*Figure 7*



*Figure 8*

27.

At all times relevant to this Complaint, in front of the entrance to the garden section of subject Wal-Mart store, there were cross-hatched pavement markings designating an approximately 32-foot-wide protected walking space for pedestrians to traverse approximately 29 feet directly across the building frontage roadway to enter or leave the store from the garden section where two of the ten designated handicapped parking stalls existed [*figure 9*].




*Figure 9*

28.

At all times relevant to this Complaint, the word "YIELD" was applied to the pavement in the directions of traffic on either side of the approximately 32-foot-wide protected walking space.

29.

At all times relevant to this Complaint, a yellow pedestrian-symbol sign (MUTCD W11-2) was placed on one side of the approximately 32-foot-wide protected walking space.

30.

At all times relevant to this Complaint, the remaining four handicapped parking stalls were located in rows that were about 60 feet further away from the store's front doors than the handicapped parking stalls which were directly in front of the store. The only marked walking path from the four handicapped stalls which were about 60 feet further away from the store's front doors was about 4 feet wide and placed diagonally. This required handicapped customers who parked in the stalls and were going to the front doors to the store to go about 38 feet diagonally across the store's frontage roadway where vehicles were being driven [*figure 10*].



*Figure 10*

31.

At all times relevant to this Complaint, unlike the other protected walking spaces in the parking lot, the approximately 4-foot-wide diagonal walking space did not have the word "YIELD" painted on the pavement on either side.

32.

At all times relevant to this Complaint, unlike the other protected walking spaces in the parking lot, the approximately 4-foot-wide diagonal walking space did not have a yellow pedestrian-symbol sign (MUTCD W11-2) on either side [*figures 11 and 12*].



*Figure 11*



*Figure 12*

33.

At all times relevant to this Complaint, the Wal-Mart store did not have any Pedestrian Crosswalk signs (MUTCD R1-5) in its parking lot in place by the diagonal crosswalk to alert motorists of the handicapped/pedestrian crosswalk [*figure 13*].




*Figure 13*

34.

On, or about, May 4, 2022, Donald Maxwell parked his car in one of the designated handicapped parking stalls furthest (located approximately 60 feet further away) from the store's entrance and attempted to enter the store by walking within the approximately 4-foot-wide diagonal walking space.

35.

While in the approximately 4-foot-wide diagonal walking space, Donald Maxwell was struck by a truck being driven by Defendant Ellie Tatum.

36.

As a result, Donald Maxwell suffered severe and permanent bodily injuries requiring extensive medical treatment and eventually resulting in his death.

## NEGLIGENCE OF WAL-MART STORES EAST, LP, WALMART INC., AND WAL-MART REAL ESTATE BUSINESS TRUST

37.

Defendant Wal-Mart Stores East, LP had a duty to design the Wal-Mart store parking lot in a manner that was safe for all customers visiting the store and to comply with all State and Federal laws and regulations.

38.

Defendant Walmart Inc. had a duty to design the Wal-Mart store parking lot in a manner that was safe for all customers visiting the store and to comply with all State and Federal laws and regulations.

39.

Defendant Wal-Mart Real Estate Business Trust had a duty to design the Wal-Mart store parking lot in a manner that was safe for all customers visiting the store and to comply with all State and Federal laws and regulations.

40.

Defendant Wal-Mart Stores East, LP had a duty to maintain the parking lot so that it was safe for customers of the Wal-Mart store.

41.

Defendant Walmart Inc. had a duty to maintain the parking lot so that it was safe for customers of the Wal-Mart store.

42.

Defendant Wal-Mart Real Estate Business Trust had a duty to maintain the parking lot so that it was safe for customers of the Wal-Mart store.

43.

Defendant Wal-Mart Stores East, LP had specifications regarding parking lot construction, maintenance, and signage that applied to the parking lot of the Wal-Mart store.

44.

Defendant Wal-Mart Stores East, LP did not comply with these specifications.

45.

Defendant Walmart Inc. had specifications regarding parking lot construction, maintenance, and signage that applied to the parking lot of the Wal-Mart store.

46.

Defendant Walmart Inc. did not comply with these specifications.

47.

Defendant Wal-Mart Real Estate Business Trust had specifications regarding parking lot construction, maintenance, and signage that applied to the parking lot of the Wal-Mart store.

48.

Defendant Wal-Mart Real Estate Business Trust did not comply with these specifications.

49.

In support of the claims against Defendants Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, and Walmart Inc., and in compliance with O.C.G.A. § 9-11-9.1, Plaintiff attaches as Exhibit "A" the affidavit of Fred R. Hanscom, P.E., setting forth at least one negligent act or omission on the part of the defendants. Plaintiff incorporates the information and allegations set forth in Fred R. Hanscom's affidavit as if fully set forth herein.

50.

Defendant Wal-Mart Stores East, LP breached its duty to customers by not placing all of its handicap accessible parking stalls in a location with the shortest accessible route to an accessible entrance to the subject Wal-Mart store.

51.

Defendant Walmart Inc. breached its duty to customers by not placing all of its handicap accessible parking stalls in a location with the shortest accessible route to an accessible entrance to the subject Wal-Mart store.

52.

Defendant Wal-Mart Real Estate Business Trust breached its duty to customers by not placing all of its handicap accessible parking stalls in a location with the shortest accessible route to an accessible entrance to the subject Wal-Mart store.

53.

Defendant Wal-Mart Stores East, LP breached its duty to customers by failing to apply traffic control devices in advance of the approximately 4-foot-wide diagonal walking space.

54.

Defendant Walmart Inc. breached its duty to customers by failing to apply traffic control devices in advance of the approximately 4-foot-wide diagonal walking space.

55.

Defendant Wal-Mart Real Estate Business Trust breached its duty to customers by failing to apply traffic control devices in advance of the approximately 4-foot-wide diagonal walking space.

56.

As a direct result of Defendant Wal-Mart Stores East, LP's breach of its duty to invitees as set forth above, the truck driven by Defendant Ellie Tatum struck Donald Maxwell.

57.

As a direct result of Defendant Walmart Inc.'s breach of its duty to invitees as set forth above, the truck driven by Defendant Ellie Tatum struck Donald Maxwell.

58.

As a direct result of Defendant Wal-Mart Real Estate Business Trust's breach of its duty to invitees as set forth above, the truck driven by Defendant Ellie Tatum struck Donald Maxwell.

59.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, Donald Maxwell suffered severe injuries, causing him pain and suffering and emotional distress, and his eventual death.

60.

By virtue of Defendant Walmart Inc.'s negligence, Donald Maxwell suffered severe injuries, causing him pain and suffering and emotional distress, and his eventual death.

61.

By virtue of Defendant Wal-Mart Real Estate Business Trust's negligence, Donald Maxwell suffered severe injuries, causing him pain and suffering and emotional distress, and his eventual death.

**NEGLIGENCE OF ELLIE TATUM**

62.

Defendant Ellie Tatum was negligent when driving his truck and causing it to hit Donald Maxwell in the Wal-Mart parking lot.

63.

Defendant Ellie Tatum failed to exercise ordinary care while operating a motor vehicle.

64.

As a result of Defendant Ellie Tatum's negligence, Donald Maxwell suffered severe injuries causing him pain and suffering and emotional distress, and his eventual death.

**DAMAGES**

65.

As a result of the negligence of Defendant Wal-Mart Stores East, LP, as set forth herein, Donald Maxwell suffered physical injuries, pain, suffering, emotional distress, incurred medical expenses, and eventually died.

66.

As a result of the negligence of Defendant Walmart Inc. as set forth herein, Donald Maxwell suffered physical injuries, pain, suffering, emotional distress, incurred medical expenses, and eventually died.

67.

As a result of the negligence of Defendant Wal-Mart Real Estate Business Trust, as set forth herein, Donald Maxwell suffered physical injuries, pain, suffering, emotional distress, incurred medical expenses, and eventually died.

68.

As a result of the negligence of Defendant Ellie Tatum, as set forth herein, Donald Maxwell suffered physical injuries, pain, suffering, emotional distress, incurred medical expenses, and eventually died.

WHEREFORE, Plaintiff prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. That Plaintiff recovers the full amount of medical expenses incurred as a result of Donald Maxwell's injuries;

d. That Plaintiff recovers for Donald Maxwell's physical pain and suffering, loss of enjoyment of life, and emotional distress; and

e.. For such other and further relief as is just and proper.

Respectfully submitted this 29th day of April, 2024.

**BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**

***/s/ James B. Matthews, III***
Andrew J. Hill, III
Georgia State Bar No. 353300
James B. Matthews, III
Georgia State Bar No. 477559
Mary M. Russell
Georgia State Bar No. 138426
*Attorneys for Plaintiff*

P.O. Box 832
Athens, Georgia 30603
(706)354-4000
jmatthews@bbga.com
ahill@bbga.com
mrussell@bbga.com

**THE LAW OFFICE OF JOSHUA W. BRANCH, LLC**

***/s/ Joshua W. Branch***
Joshua W. Branch
Georgia State Bar No. 142280
Robert Russell
Georgia State Bar No. 859385
*Attorneys for Plaintiff*

648 South Milledge Avenue
Athens, GA 30605
(706) 850-4994
(706) 850-4998 Fax
JB@JoshBranchLaw.com
Cap@JoshBranchLaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the Defendants with a copy of this **COMPLAINT FOR DAMAGES** by statutory service addressed as follows:

Wal-Mart Stores East, LP
c/o Registered Agent: The Corporation Company (FL)
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

Wal-Mart Real Estate Business Trust
c/o Registered Agent: The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801.

Walmart Inc.
c/o Registered Agent: The Corporation Company (FL)
106 Colony Park Drive, Ste. 800-B
Cumming, GA 30040-2794

Ellie Tatum
107 Florence Street
Calhoun Falls, SC 29628

This 29th day of April, 2024.

**THE LAW OFFICE OF JOSHUA W. BRANCH, LLC**

*<u>/s/ **Joshua W. Branch**</u>*
Joshua W. Branch
Georgia State Bar No. 142280
*Attorney for Plaintiff*

648 South Milledge Avenue
Athens, GA 30605
(706) 850-4994
(706) 850-4998 Fax
JB@JoshBranchLaw.com